IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

ZHU JIANJUN,

      Petitioner,

vs.                              No. CV 09-0081 RB/LAM

HASSEL TERRY, WARDEN,

      Respondent.

## ORDER OVERRULING PETITIONER'S OBJECTIONS TO MAGISTRATE JUDGE'S ORDER GRANTING MOTION FOR EXTENSION OF TIME TO ANSWER PETITIONER'S WRIT OF HABEAS CORPUS (*Doc. 12*)

**THIS MATER** is before the Court on ***Petitioner's Objections to U.S. Magistrate Judge's Proposed Findings and Recommended Disposition*** *(Doc. 12)* (hereinafter, "***Objections***"), filed on March 3, 2009. Petitioner objects to the Magistrate Judge's ***Order Granting Motion for Extension of Time to Answer Petitioner's Writ of Habeas Corpus Filed January 27, 2009*** *(Doc. 11)* (hereinafter, "***Order***"), filed February 27, 2009, wherein the Magistrate Judge granted Respondent an extension of time until April 28, 2009, to answer Petitioner's ***Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241*** *(Doc. 1)*. Petitioner states that Respondent "should respond to [Petitioner]'s petition immediately or, in the alternative, within a reasonable amount of time that does not effectively deprive him of the relief he seeks." ***Objections*** at 2.

While Petitioner titles his document "Objections to U.S. Magistrate Judge's Proposed Findings and Recommended Disposition," and states that he "submits these objections pursuant to 28 U.S.C. § 636(b)(1)(C)," (***Objections*** at 1), the Magistrate Judge has not filed any Proposed Findings and Recommended Disposition in this case, and, therefore, Petitioner's ***Objections*** are reviewed by the Court under 28 U.S.C. § 636(b)(1)(A). Under 28 U.S.C. § 636(b)(1)(A), the Court

"may reconsider any pretrial matter under this subparagraph (A) where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law." *See also* Fed. R. Civ. P. 72(a). For a decision to be found clearly erroneous, it must be "more than just maybe or probably wrong; it must ... strike us as wrong with the force of a five-week-old, unrefrigerated dead fish." *Air Liquide America Corp. v. MG Nitrogen Servs., Inc.*, No. Civ. 97-1536 LH/LFG, 1999 WL 1072701, at *1 (D. N.M. July 20, 1999) (unpublished) (citing *Parts & Elec. Motors, Inc. v. Sterling Elec., Inc.*, 866 F.2d 228, 233 (7th Cir. 1988)).  The Magistrate Judge's decision to allow Respondent until April 28, 2009, to respond to Petitioner's petition is not clearly erroneous, and, therefore, the Court overrules Petitioner's *Objections (Doc. 12)*, and affirms the Magistrate Judge's *Order Granting Motion for Extension of Time to Answer Petitioner's Writ of Habeas Corpus Filed January 27, 2009 (Doc. 11)*.  If Petitioner is not released from custody by April 28, 2009, the Court asks that the Magistrate Judge set an evidentiary hearing on Petitioner's *Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (Doc. 1)* shortly after that date.

**IT IS THEREFORE ORDERED** that *Petitioner's Objections to U.S. Magistrate Judge's Proposed Findings and Recommended Disposition (Doc. 12)* are **OVERRULED**;

**IT IS FURTHER ORDERED** that the *Order Granting Motion for Extension of Time to Answer Petitioner's Writ of Habeas Corpus Filed January 27, 2009 (Doc. 11)* is **AFFIRMED**.

**IT IS SO ORDERED.**

_____
**ROBERT C. BRACK**
**UNITED STATES DISTRICT JUDGE**