IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JIANJUN ZHU,

       **Petitioner,**

vs.                                       No. CV 09-0081 RB/LAM

**HASSEL TERRY, WARDEN,**

       **Respondent.**

## ORDER GRANTING IN PART AND DENYING IN PART PETITIONER'S *MOTION FOR DISCOVERY (Doc. 13)*

**THIS MATTER** is before the Court on Petitioner's *Motion for Discovery (Doc. 13)* pertaining to his *Petition for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (Doc. 1)*. Respondent filed *Government's Response to Motion for Discovery of Alien File (Doc. 17)* (hereinafter "*Response*"), and Petitioner filed *Petitioner's Reply to Government's Response to Petitioner's Motion for Discovery of Alien File (Doc. 18)* (hereinafter "*Reply*"). On May 6, 2009, the Court held a hearing on this motion. Having considered the motion, response, reply, and the parties' arguments during the hearing, the Court **FINDS** that the motion should be **GRANTED in part** and **DENIED in part**.

Petitioner asks for his "A-file," which he states is held by U.S. Immigration and Customs Enforcement. *See Motion (Doc. 13)* at 1. Respondent stated in his *Response* that the right side of the "A-file" may be obtained through a Freedom of Information Act request, and that the government had produced some of those documents. Respondent stated that they provided Petitioner's counsel a consent form that Petitioner must sign before the government can produce the

-1-

contents on the left side of the file. Petitioner replied that he still seeks additional information from his "A-file," and that he would be satisfied with a protective order and/or a privilege log that describes any privileged information in the file.

At the May 6, 2009, hearing, the Court heard arguments from the parties on Petitioner's *Motion*. Petitioner's counsel stated that he is still seeking information from the right side of his client's "A-file" which was produced to him with large amounts of redactions. Respondent's counsel stated that the government produced the entire contents of Petitioner's left side of his A-file, and that the government would not be opposed to submitting the right side of the A-file for *in camera* review by the Court. Petitioner's counsel agreed to have the Court conduct an *in camera* review of the file. Petitioner's counsel also stated that he does not object if the Court needs to discuss with counsel for Respondent any information it may find in the file that may have national security or law enforcement sensitivity. Counsel for Respondent stated that by releasing the documents to the Court, the government is waiving its claims of privilege with regards to the documents and the Court may produce them if it finds them relevant.

**IT IS THEREFORE ORDERED** that Petitioner's *Motion for Discovery (Doc. 13)* is **GRANTED in part** and **DENIED in part**.

**IT IS FURTHER ORDERED** that Respondent shall submit **two sets** of the entire right side of Petitioner's "A-file" - one set without any redactions, and one set with the redactions made to the file given to Petitioner. Respondent shall submit these two sets by **Friday, May 8, 2009**.

**IT IS FURTHER ORDERED** that Respondent shall include in its production to the Court any documents that have been added to the file since the last production of the file to Petitioner.

The Court will review Petitioner's "A-file" and will release to Petitioner by **Friday, May 15, 2009**, any information that the Court finds relevant to Petitioner's discovery request for documents

with information that may prove that Petitioner's removal to China is not reasonably foreseeable, as long as the information is not national security or law enforcement sensitive.

**IT IS SO ORDERED.**

_____
**LOURDES A. MARTÍNEZ**
**UNITED STATES MAGISTRATE JUDGE**